IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK09-80317-TLS |
| | ) | |
| STEVEN GERARD LAPKE, | ) | CH. 7 |
| | ) | |
| Debtor. | ) | |

## **ORDER**

Hearing was held in Omaha, Nebraska, on November 2, 2009, on a Motion to Dismiss filed by creditor Mutual of Omaha Bank (Fil. #15), and a Resistance by Debtor (Fil. #17). Henry N. Carriger appeared for Debtor, and James B. Cavanagh and Brittney J. Krause appeared for Mutual of Omaha Bank.

For the reasons stated below, I find that the motion should be granted.

### *Background*

This is the second case filed by this particular Debtor within the last two years. The first case, Case No. BK07-81140-TJM, was a joint Chapter 7 proceeding filed by Debtor and his spouse. In that case, in connection with motions to dismiss filed by the United States Trustee and by Mutual of Omaha Bank under 11 U.S.C. § 707(b)(3), this Court found that (1) debtors' debts were primarily consumer debts; and (2) that the Chapter 7 filing should be dismissed as an abuse of the provisions of Chapter 7 pursuant to 11 U.S.C. § 707(b)(3). *See In re Lapke*, Case No. BK07-81140-TJM (Bankr. D. Neb. Jan. 23, 2008, and Mar. 31, 2008). Large mortgage loans owed to Wells Fargo made up a substantial portion of the joint debtors' consumer debt.

After the dismissal of the earlier case, Debtor and his attorney discovered that he did not sign the promissory notes evidencing two of the mortgage debts encumbering the family home which is jointly owned by Debtor and his spouse. Therefore, Debtor filed again under Chapter 7, this time individually. He believes that the home mortgage debts should not be classified as his consumer debts in this individual Chapter 7 filing. When those large debts are removed from the consumer side of the equation, Debtor believes that his business and other debts far exceed his consumer debts and, thus, § 707(b) does not apply. Mutual of Omaha Bank, an unsecured creditor of Debtor, filed this motion to dismiss under 11 U.S.C. § 707(b)(1) and (3) as an abuse of the provisions of Chapter 7. The bank believes that § 707(b) applies because Debtor has primarily consumer debts and that the issue of abuse is *res judicata* in light of the prior proceeding.

As in the last case, the facts are essentially undisputed. At filing No. 38, Exhibit A, Debtor and his attorney placed into evidence a spreadsheet classifying and summarizing Debtor's business, other, and consumer debts. Subsequently, Debtor made certain adjustments to his schedules including, among other things, the classification of the home mortgage debt as "business" or "other" debt. In his brief in connection with this motion, Debtor's attorney recalculated the totals to indicate that the total business/other debt of Debtor amounted to $1,347,828.15, while the consumer debt

amounted to $373,200.75. In doing that calculation, Debtor included $679,833.00 of the home mortgage debt owed to Wells Fargo[1] as "business/other." Accordingly, Debtor believes that his "business/other" debt far exceeds his consumer debt, and § 707(b) does not apply.

## *Discussion*

11 U.S.C. § 707(b)(1) provides that upon a motion by a party in interest, the Court "may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts . . . if it finds that the granting of relief would be an abuse of the provisions of this chapter." Thus, the parties agree that the threshold question for this Court to decide is whether the debts of the Debtor are "primarily consumer debts." As indicated above, Debtor argues that since his wife is not a debtor in this proceeding, and since he is not personally liable on the Wells Fargo debts, his debts should not be classified as primarily consumer debts. In fact, by Debtor's calculations, his business and other debts would exceed his consumer debts by almost $900,000.00.

Mutual of Omaha Bank points out that the Bankruptcy Code provides a roadmap for determining what constitutes "consumer debts" in this situation. 11 U.S.C. § 101(12) provides that "[t]he term 'debt' means liability on a claim." Section 102(2) provides that a "'claim against the debtor' includes claim against property of the debtor." The home residence is owned jointly by Debtor and his spouse. Thus, by definition, claims against the property of Debtor, such as the mortgage loan obligations in this case, are included for purposes of determination of the amount of the debt of Debtor. In fact, in Debtor's brief, he even admits that by virtue of those definitions, "Debtor owes a debt to Wells Fargo."

The next question is whether the first and second home mortgage loans are "consumer" or "other" debts. 11 U.S.C. § 101(8) defines consumer debt as "debt incurred by an individual primarily for a personal, family, or household purpose." As indicated previously, the subject debts are home mortgage loan obligations to Wells Fargo. Debtor has not presented any evidence to indicate that the loans are anything other than home mortgage loans. In fact, Debtor admits that the third home mortgage loan (which he did sign) constitutes a consumer debt. Thus, it is clear that the first and second home mortgage loans are also consumer debts.

Using the figures provided in Debtor's brief, $679,833.00 (representing the balance due on the date of filing for the first and second mortgage loans against the residence) should be subtracted from Debtor's business/other category of debts, leaving a balance of $667,995.15 classified as "business/other" debts. That same $679,833.00 in home mortgage indebtedness should be added to the consumer debt column, resulting in consumer debt in the amount of $1,053,033.75. Thus, Debtor's consumer debt far exceeds his business/other debt.

---

[1]There is also a third mortgage debt secured by the home residence, but Debtor apparently signed that note and classifies it as consumer debt.

In the prior proceeding by Debtor and his spouse (BK07-81140-TJM), this Court determined that under the totality of circumstances test of 11 U.S.C. § 707(b)(3), debtors had the ability to pay their creditors and that it would be an abuse of the provisions of Chapter 7 to allow the debtors to proceed. Not much has changed in this new filing. According to Schedule I, Debtor is a physician earning $28,541.46 per month, or $342,497.52 per year, which is even more than was acknowledged in the prior proceeding. It appears Debtor's home has been foreclosed which in the end should reduce Debtor's monthly housing obligation substantially. It is clear that Debtor has the ability to pay a substantial amount to unsecured creditors under another chapter of the Bankruptcy Code. Therefore, this Court is not about to overturn its decision in the earlier case that the granting of relief would be an abuse of the provisions of Chapter 7. In fact, it seems clear to this Court that Debtor is attempting to frustrate the purpose of 11 U.S.C. § 707(b).[2] Thus, for the reasons stated in *In re Lapke*, Case No. BK07-81140-TJM (Bankr. D. Neb. Jan. 23, 2008, and Mar. 31, 2008), I find that the motion should be granted.

IT IS, THEREFORE, ORDERED that the Motion to Dismiss filed by creditor Mutual of Omaha Bank (Fil. #15) is granted. This case will be dismissed unless Debtor files a motion to convert to another chapter under the Bankruptcy Code by December 31, 2009.

DATED:  December 8, 2009.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
 Henry N. Carriger
 *James B. Cavanagh/Brittney J. Krause
 Thomas D. Stalnaker
 United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.

---

[2]In both cases, Debtor has tried to take advantage of a perceived loophole in § 707 being applicable only if Debtor has primarily consumer debt. In the first case, the joint debtors tried to use for their benefit a value for a business debt that was grossly overstated. In this case, Debtor is trying to classify mortgage debt on his home as something other than consumer debt simply because he is not an obligor on the underlying notes.

-3-